UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60357-ROSENBERG/AUGUSTIN-BIRCH

**MONSTER ENERGY COMPANY,**

    **Plaintiff,**

v.

**JOHN H. OWOC** *a/k/a* **JACK OWOC and
VITAL PHARMACEUTICALS, INC** *d/b/a*
**VPX SPORTS,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ENTRY OF CHARGING ORDER [DE 10]**

This cause comes before the Court on Plaintiff Monster Energy Company's Motion for Entry of Charging Order. DE 10. The Honorable Robin L. Rosenberg, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 12. Defendant John H. Owoc filed a response to the Motion, DE 14, and Plaintiff filed a reply. DE 15. Having carefully considered the briefing and the record and being otherwise fully advised, the Court **RECOMMENDS** that Plaintiff's Motion for Entry of Charging Order [DE 10] be **GRANTED**.

## I. Background

After registering a foreign judgment against Defendant Owoc, in the amount of $307,856,736.14 with post-judgment interest, and obtaining a Writ of Execution, DE 1; DE 7, Plaintiff filed the present Motion for Entry of Charging Order pursuant to Federal Rule of Civil Procedure 69 and section 605.0503, Florida Statutes. DE 10. In its Motion, Plaintiff, as a judgment

creditor of Defendant Owoc, asks the Court to enter a charging order as to Defendant Owoc's membership interests in five Florida limited liability companies ("LLC"). *Id.*

## II. Analysis

Federal Rule of Civil Procedure 69 provides that "[a] money judgment is enforced by a writ of execution" and "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located." Here, in Florida, section 605.0503(1), Florida Statutes, permits a judgment creditor of a member or a transferee to move for a court to "enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest." *See also Scotello v. Franco*, No. 818CV01811JSMAAS, 2022 WL 1443686, at *1 (M.D. Fla. May 6, 2022); *McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 270 (Fla. 5th DCA 2017). If imposed, "a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the [LLC] to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." § 605.0503(1), Fla. Stat.

In its Motion, Plaintiff seeks a charging order on Defendant Owoc's interests in five Florida LLCs: (1) Entourage IP Holdings, LLC; (2) Elite Island, LLC; (3) Sheridan Real Estate Investment A, LLC; (4) Sheridan Real Estate Investment C, LLC; and (5) Tropical Sunset 117, LLC. DE 10 ¶ 16. In response to Plaintiff's Motion, Defendant Owoc concedes that he cannot contest the entry of a charging order. DE 14 ¶ 5. Nonetheless, Defendant Owoc contends that the Internal Revenue Service ("IRS") recorded a tax lien prior to Plaintiff moving for entry of a charging order, which, according to Defendant Owoc, makes the IRS lien superior to any charging order Plaintiff can obtain. *Id.* ¶¶ 6–8. As such, Defendant Owoc requests that the Court's order on Plaintiff's Motion include a finding that Plaintiff's charging order is inferior to the IRS's tax lien and that Plaintiff is not entitled to any distributions until the IRS's tax lien is satisfied. *Id.* ¶ 10.

It appears that Defendant Owoc's proposed finding is based on the general rule under federal law that the priority of liens is determined by the "first in time, first in right" principle. *See id.* ¶ 8 (citing *United States v. Marrero*, No. 13-CV-21714, 2015 WL 12588934, (S.D. Fla. Sept. 17, 2015)); *see also U.S. ex rel. I.R.S. v. McDermott*, 507 U.S. 447, 449 (1993) ("Absent provision to the contrary, priority [of liens] for purposes of federal law is governed by the common-law principle that the first in time is the first in right." (quotation marks omitted)). At this juncture, however, the Court is not tasked with determining the priority of any liens. Instead, the Court is merely tasked with whether to impose a lien. *See* § 605.0503(1), Fla. Stat. ("[A] charging order constitutes a lien upon a judgment debtor's transferable interest . . . ."). Consequently, the Court does not recommend making a finding as to the priority of any liens in the charging order.[1]

Returning to the matter at hand—Plaintiff's request for a charging order—the Court recommends that a charging order be entered as to Defendant Owoc's transferable interests in Entourage IP Holdings, LLC; Elite Island, LLC; Sheridan Real Estate Investment A, LLC; Sheridan Real Estate Investment C, LLC; and Tropical Sunset 117, LLC, which requires these LLCs to pay Plaintiff any distributions that would otherwise be paid to Defendant Owoc for payment of the $307,856,736.14 judgment plus interest. *See id.* (empowering court to enter charging order against transferable interest of a member or transferee for "payment of the unsatisfied amount of the judgment with interest"). The Court has independently verified, and Plaintiff has provided documentation evincing, that Defendant Owoc possesses an interest in each of these LLCs.[2] *See* DE 10-4 (articles of organization for Entourage IP Holdings, LLC, listing

---

[1] Defendant Owoc has also not provided any case law mandating a finding regarding the priority of liens when imposing a new lien.

[2] Section 605.0503(4), Florida Statutes, authorizes a court to order the sale of a judgment debtor's interest in an LLC via a foreclosure sale if the LLC only has one member, but the judgment creditor must first establish that "distributions under a charging order will not satisfy the judgment within a reasonable time." A judgment creditor "may" make this showing "at the same time that the judgment creditor applies for entry of a charging order." *Id.* Here, Plaintiff has not argued that distributions under the charging order will not satisfy the judgment within a reasonable time. As such, it

Defendant Owoc as a member of the LLC); DE 10-6 (articles of organization for Elite Island, LLC, listing Defendant Owoc as a member of the LLC); DE 10-7 (2023 annual report for Sheridan Real Estate Investment A, LLC, listing Defendant Owoc as a member of the LLC); DE 10-8 (2023 annual report for Sheridan Real Estate Investment C, LLC, listing Defendant Owoc as a manager); DE 10-9 (articles of incorporation for Tropical Sunset 117, LLC, listing Defendant Owoc as a member of the LLC).

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS** granting Plaintiff's Motion for Entry of Charging Order [DE 10].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 6th day of June, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

is the Court's understanding that Plaintiff is not moving for a foreclosure sale of Defendant Owoc's interests in any of the LLCs at this juncture.