UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60357-ROSENBERG/AUGUSTIN-BIRCH

**MONSTER ENERGY COMPANY,**

    **Plaintiff,**

v.

**JOHN H. OWOC** *a/k/a* **JACK OWOC** and
**VITAL PHARMACEUTICALS, INC** *d/b/a*
**VPX SPORTS,**

    **Defendants.**
_____/

## ORDER IMPOSING RULE 11 SANCTIONS

This matter comes before the Court on Defendant John H. Owoc's Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss all Claims and Remove all Liens. DE 37. Upon a review of Mr. Owoc's Motion and accompanying reply, DE 47, the Court discovered incorrect caselaw citations that the Court believed to be fake citations hallucinated by artificial intelligence. Accordingly, this Court set a Show Cause hearing for Mr. Owoc to explain these citations and why he should not be sanctioned. DE 49.

At that hearing, the Court read into the record eleven citations the Court suspected of being fake citations hallucinated by artificial intelligence, and Mr. Owoc acknowledged that artificial intelligence generated those citations. Mr. Owoc explained that he is currently facing financial hardship, has had to rely on free and publicly available resources to draft his briefings, and cannot afford legal research tools to verify the accuracy of his citations. Nevertheless, Mr. Owoc submitted

an Amended Motion and amended reply, DE 52; DE 53, which he claims an attorney reviewed to ensure that all legal citations were correct and accurate.

While the Court appreciates Mr. Owoc's candor and commitment to correcting his mistakes, the Court nonetheless determines that sanctions are warranted for his conduct. Although he is proceeding pro se, Mr. Owoc is still bound by Federal Rule of Civil Procedure 11. *See Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) (explaining that Rule 11 applies to pro se litigants and instructing courts to consider the litigant's "pro se status when determining whether the filing was reasonable"). And Federal Rule of Civil Procedure 11(b)(2) requires all motions and papers submitted to the Court to have legal contentions that are—to the best of the filer's knowledge, information, and belief—"warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Consequently, by submitting a motion and reply containing fake citations hallucinated by artificial intelligence, Mr. Owoc violated Rule 11(b)(2). *See Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) (finding that attorneys violated "Rule 11 in submitting a fake hallucinated case citation which allegedly supported a principle of law for which they were advocating"); *ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-CV-60630, 2025 WL 2091025, at *8 (S.D. Fla. July 17, 2025) (ruling that sanctions under Rule 11 were warranted for an attorney's "submissions to the Court using AI without checking the veracity of cases and citations submitted").

The sanctions available under Rule 11 are "exceedingly flexible." *ByoPlanet Int'l, LLC*, 2025 WL 2091025, at *6. But the sanctions must "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). At the Show Cause hearing, Plaintiff Monster Energy did not request monetary sanctions and instead suggested an injunction prohibiting Mr. Owoc from filing anything further in this case without first obtaining Court approval. The Court concludes that this sanction is too severe given that Mr. Owoc has only filed one

motion and one reply containing fake legal citations. Rather, the Court concludes that the following sanctions are appropriate:

1. Within **20 days** from the date of this Order, Mr. Owoc shall complete **10 hours** of community service with a non-profit organization of his choice. *See Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317 (11th Cir. 2021) ("Although this doesn't appear to be a usual sanction, Rule 11 does not prohibit community service. To the contrary, it expressly permits sanctions with an intended restorative purpose such as participation in seminars or other educational programs." (quotation marks omitted)). After completing 10 hours of community service, Mr. Owoc shall file a notice of compliance and attach a letter or other documentation from the non-profit organization evidencing his completion of 10 hours of community service and the date of completion.

2. For all future filings in this matter, Mr. Owoc must state at the end of the filing whether he utilized artificial intelligence to assist in preparing the filing. If he did use artificial intelligence to assist in preparing the filing, Mr. Owoc must certify at the end of the filing that he independently reviewed and verified all legal citations to ensure their accuracy and authenticity.

Mr. Owoc's Motion Regarding Show Cause Hearing and Explanation of Legal Research Limitations [DE 51] is **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of August, 2025.

                                  PANAYOTTA AUGUSTIN-BIRCH
                                  UNITED STATES MAGISTRATE JUDGE