UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60357-ROSENBERG/AUGUSTIN-BIRCH

MONSTER ENERGY COMPANY,

      Plaintiff,

v.

JOHN H. OWOC *a/k/a* JACK OWOC and
VITAL PHARMACEUTICALS, INC *d/b/a*
VPX SPORTS,

      Defendants.

_____/

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTIONS TO ENFORCE THE ONE SATISFACTION RULE AND BAR
ADDITIONAL COLLECTION BY MONSTER ENERGY COMPANY AND TO
REQUIRE MONSTER ENERGY TO DISMISS ALL CLAIMS AND REMOVE ALL LIENS

      This cause comes before the Court on Defendant John H. Owoc's Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss All Claims and Remove All Liens. DE 37. The Honorable Robin L. Rosenberg, United States District Judge, referred the matter to the undersigned United States Magistrate Judge for a report and recommendation. *See* DE 38. Plaintiff Monster Energy Company filed a response, DE 39, and Mr. Owoc filed a reply. DE 47.

      Upon a review of Mr. Owoc's Motion and reply, the Court discovered legal citations which the Court suspected were fake citations hallucinated by artificial intelligence. Thus, the Court entered an Order to Show Cause, setting a show cause hearing for Mr. Owoc to explain these citations and why he should not be sanctioned for his conduct.[1] DE 49. As part of his response to

_____

[1] Along with this report and recommendation, the Court enters an Order Imposing Rule 11 Sanctions on Mr. Owoc. DE 54.

this Court's Order to Show Cause, Mr. Owoc submitted an Amended Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss All Claims and Remove All Liens and an amended reply that removed the fake citations hallucinated by artificial intelligence. DE 52; DE 53. The Amended Motion and amended reply are otherwise substantively the same as Mr. Owoc's original Motion and reply. Having carefully considered the record and the briefing and being otherwise fully advised in the premises, the Court **RECOMMENDS DENYING AS MOOT** Mr. Owoc's original Motion [DE 37] and **DENYING** Mr. Owoc's Amended Motion [DE 52].

## I. Background

On January 11, 2024, a California District Court entered judgment against Mr. Owoc and in favor of Monster in the amount of $307,856,736.14 with post-judgment interest. DE 1 at 6–26. Monster subsequently registered that judgment in this District, DE 1, and then moved for, and obtained, a writ of execution, proceedings supplementary, and entry of a charging order. DE 6; DE 7; DE 8; DE 10; DE 16; DE 28. Mr. Owoc, now proceeding pro se, has filed the present Amended Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss All Claims and Remove All Liens. DE 52. Therein, Mr. Owoc seeks enforcement of the "One Satisfaction Rule" to prevent Monster from recovering anything further from him. *See id.* at 20.

## II. Analysis

Although Mr. Owoc's briefing mostly rehashes old grievances and accusations of improprieties with previous litigation and bankruptcy proceedings, the relief Mr. Owoc seeks is for the Court to "apply the One Satisfaction Rule and bar Monster Energy Company from recovering any further damages against Bang Energy (Vital Pharmaceuticals, Inc.) or its founder, Jack Owoc because Monster has already received compensation far exceeding any alleged harm."

*Id.* at 18. The one satisfaction rule "generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008). As Mr. Owoc acknowledges in his Amended Motion, Federal Rule of Civil Procedure 60(b)(5) governs his Amended Motion. *See* DE 52 at 1–2 (asserting that Rule 60(b)(5) "squarely applies here"); Fed. R. Civ. P. 60(b)(5) (empowering a court to relieve a party from a final judgment if "the judgment has been satisfied"); *BUC Int'l Corp.*, 517 F.3d at 1275 ("[M]otions seeking credit for settlement amounts obtained against joint tortfeasors are appropriately brought under Rule 60(b)(5)."); *Losch v. Experian Info. Sols., Inc.*, No. 2:18-CV-809-MRM, 2022 WL 17823593, at *2 (M.D. Fla. June 22, 2022) ("[T]he weight of authority suggests that a one-satisfaction rule determination should be made by the Court on a post-judgment motion under Rule 60(b)(5) . . . .").

Because Rule 60(b)(5) governs Mr. Owoc's Amended Motion, his Amended Motion is improperly before this Court. *See Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970)[2] ("The motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered."); *Cascella v. Canaveral Port Dist.*, 197 F. App'x 839, 842 (11th Cir. 2006) ("A motion [under Rule 60(b)] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." (quoting *Bankers Mortg. Co.*, 423 F.2d at 78)); *Roberts v. Est. of Aretha Patricia Young*, No. 8:23-CV-1578-SDM-SPF, 2023 WL 9119241, at *3 (M.D. Fla. Dec. 15, 2023) ("Moreover, Rule 60(b) allows a party to attack the judgment from the same court in which the motion is brought, it does not provide for an attack on a judgment from another court."), *report and recommendation adopted*

---

[2] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit existing prior to October 1, 1981.

*as modified sub nom. Roberts v. Est. of Young*, No. 8:23-CV-1578-SDM-SPF, 2024 WL 81640 (M.D. Fla. Jan. 8, 2024). If Mr. Owoc seeks relief from the California District Court's judgment, he must seek that relief from the California District Court, not this Court.

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS DENYING AS MOOT** Mr. Owoc's original Motion [DE 37] and **DENYING** Mr. Owoc's Amended Motion [DE 52].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 14th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE