**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-60357-CV-WILLIAMS**

MONSTER ENERGY COMPANY,

    Plaintiff,

v.

JOHN H. OWOC, *et al.*,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Panayotta Augustin-Birch's Report and Recommendations (DE 55) ("***Report***") on Defendant John H. Owoc's ("***Defendant***") Amended Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss All Claims and Remove All Liens ("***Amended Motion***") (DE 52). In the Report, Judge Augustin-Birch recommends denying the Amended Motion because the relief requested therein must be sought from the Central District of California. (DE 55 at 4).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. Fla. Mag. J. R. 4(b). Here, Defendant timely filed Objections to the Report but, as discussed *infra*, did not present supporting

legal authority for his positions. (DE 57). Accordingly, upon review of the Report, the Objections, and for the reasons set forth below, this Court adopts Judge Augustin-Birch's Report.

**I.     Background**

On January 11, 2024, a California District Court entered judgment against Defendant, and in favor of Plaintiff Monster Energy Company ("***Plaintiff***"), in the amount of $307,856,736.14 with post-judgment interest. (DE 1 at 6-26). Plaintiff registered that judgment in this District on March 1, 2024. (DE 1). Plaintiff then moved for and obtained a writ of execution, proceedings supplementary, and the entry of a charging order. (DE 6; DE 7; DE 8; DE 10; DE 16; DE 28).

On August 11, 2025, Defendant, proceeding *pro se*, filed an Amended Motion to Enforce the One Satisfaction Rule and Bar Additional Collection by Monster Energy Company and to Require Monster Energy to Dismiss all Claims and Remove All Liens (DE 52). In his Amended Motion, Defendant asked the Court to "apply the One Satisfaction Rule and bar Monster Energy Company from Recovering any further damages against Bang Energy (Vital Pharmaceuticals, Inc.) or its founder, Jack Owoc because Monster has already received compensation far exceeding any alleged harm." (*Id.* at 18). Judge Robin L. Rosenberg referred the matter to Judge Augustin-Birch (DE 38), who entered her Report recommending the denial of the Amended Motion (DE 55). This case was then reassigned to this Court for all further proceedings. (DE 56). Subsequently, Defendant filed his Objections to Judge Augustin-Birch's Report (DE 57) and Plaintiff filed its Response to Defendant's Objections (DE 60).

## II.     Discussion

The "one-satisfaction rule" generally "provides that a plaintiff is entitled to only one satisfaction for a single injury." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008). The rule "operates to prevent double recovery, or the overcompensation of a plaintiff." *Id.* at 1277. Rule 60(b) of the Federal Rules of Civil Procedure governs the application of the one-satisfaction rule.[1] *See BUC Int'l Corp.*, 517 F.3d at 1275 ("[M]otions seeking credit for settlement amounts obtained against joint tortfeasors are appropriately brought under Rule 60(b)(5)."); *Losch v. Experian Info. Sols., Inc.*, No. 2:18-CV-809-MRM, 2022 WL 17823593, at *2 (M.D. Fla. June 22, 2022) ("[T]he weight of authority suggests that a one-satisfaction rule determination should be made by the Court on a post-judgment motion under Rule 60(b)(5)."). It is well established that "Rule 60(b) motions are made in the court that rendered the judgment." *Jones v. Georgia*, No. 7:17-CV-00116-HL-TQL, 2017 WL 3687657, at *2 (M.D. Ga. Aug. 25, 2017) (quoting *McMillan v. MBank Fort Worth, N.A.*, 4 F. 3d 362, 366 n.8 (5th Cir. 1993)).

Accordingly, it was inappropriate for Defendant to file his Amended Motion in this District because the original judgment was rendered in the Central District of California. *See, e.g., Cascella v. Canaveral Port Dist.*, 197 F. App'x 839, 842 (11th Cir. 2006) ("A motion [under Rule 60(b)] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." (internal quotations omitted)); *Bell v. Woods*, No. 5:20-MC-10-JSM-PRL, 2022 WL 428440, at *4 (M.D. Fla.

---

[1] As Judge Augustin-Birch points out, Defendant agreed with this point in his Amended Motion. (DE 52 at 1-2). Indeed, Defendant brought the Amended Motion "pursuant to Federal Rule of Civil Procedure 60(b)(5)" and argued that "[Rule 60(b)(5)] squarely applies here."

Jan. 7, 2022), *report and recommendation adopted*, No. 5:20-MC-10-JSM-PRL, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022) (explaining that Rule 60(b) motions should generally be brought in the district court that rendered the original judgment); *Roberts v. Est. of Aretha Patricia Young*, No. 8:23-CV-1578-SDM-SPF, 2023 WL 9119241, at *3 (M.D. Fla. Dec. 15, 2023) ("Moreover, Rule 60(b) allows a party to attack the judgment from the same court in which the motion is brought, it does not provide for an attack on a judgment from another court.").

In his Objections, Defendant argues that his Amended Motion does not fall under the parameters of Rule 60(b) because he is "not challenging the merits of the California judgment" and is merely asserting "a defense to enforcement." (DE 57 at 3). Putting aside the fact that Defendant's Amended Motion explicitly states that it was brought pursuant to Rule 60(b)(5), Defendant offers no legal authority to support his position that the application of the one-satisfaction rule is not governed by Rule 60(b). The cases that Defendant *does* cite, however, do hold that Rule 60(b) governs motions seeking relief from a judgment. *See Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 501 & n.7 (1st Cir. 1989) (explaining that Rule 60(b)(5) governed motion that sought "relief from a judgment that has been satisfied" by a prior settlement payment). Next, Defendant cites to *Baker v. General Motors Corp.*, 522 U.S. 222 (1998), for the proposition that "enforcement courts may apply equitable doctrines to prevent unfairness in collection." (DE 3 at 3). Nothing in *Baker*, however, suggests that this Court must break with precedent and view the one-satisfaction rule outside the parameters of Rule 60(b). Indeed, *Baker* is about the ability of a witness to testify in a products liability action without running afoul of the Constitution's Full Faith and Credit Clause. There is no

discussion of the one-satisfaction rule, and this Court does not find that case germane to its consideration of Defendant's Amended Motion.

Defendant further argues that the Full Faith and Credit Clause requires recognition of judgments entered in other states, but the enforcement state must abide by their own enforcement doctrines. Defendant thus appears to argue that, notwithstanding the California judgment, this Court should apply the one-satisfaction rule to preclude enforcement in Florida. Defendant did not raise this Full Faith and Credit Clause argument in his Amended Motion and, consequently, Judge Augustin-Birch could not consider it in her Report. Because this argument was raised for the first time in the Objections, this Court does not address it. *Amica Mut. Ins. Co. v. RSUI Indem. Co.*, No. 9:19-CV-80010, 2019 WL 7899723, at *1 (S.D. Fla. May 9, 2019) ("In the Eleventh Circuit, district courts have the discretion not to consider arguments raised for the first time in an objection to a magistrate's report and recommendation."); *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").[2] In short, Defendant does not dispute that motions under Rule 60(b) are properly brought in the district that entered the original judgment (DE 52 at 3), but argues that his Amended Motion does not qualify as a Rule 60(b) motion. Without any

---

[2] Defendant argues that compelling him "to seek relief in California after domestication has already occurred in Florida would contradict the very purpose of the Full Faith and Credit Clause—to make judgements portable, enforceable, and subject to uniform recognition." (DE 57 at 5). Yet, while the Full Faith and Credit Clause compels this Court to recognize the judgment entered by its sister district, Defendant does not cite any authority that would allow this Court to apply the Full Faith and Credit Clause to grant relief against the California judgment or allow Defendant to litigate a Rule 60(b) motion in this District. Defendant appears to conflate the enforcement of his judgment, which is within this Court's purview, with the application of the "one-satisfaction rule," which would fall squarely within the jurisdiction of the Central District of California. Accordingly, even if the Court addressed Defendant's Full Faith and Credit Clause argument, it would not change the outcome of this Order because that argument does not affect the application of Rule 60(b) to the Amended Motion.

supporting legal authority, this Court does not find this argument persuasive.

Upon a careful review of the Report, the Objections, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Augustin-Birch's Report (DE 55) is **AFFIRMED AND ADOPTED**.

2. Defendant's Amended Motion (DE 52) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>13th</u> day of January, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE